## STATE vs. HARRY C. DRYDEN.

1. PERJURY—FALSE OATH—KNOWLEDGE OF FALSITY—APPLICATION FOR
MARRIAGE LICENSE—AGE OF WOMAN.

26 *Del. Laws*, c. 244, prohibits marriage without a license, fixes the age of
marriageable persons, and declares that an applicant for a license shall swear
to the age of the parties, and that, if he knowingly or willfully makes false
answers to any inquiry, he shall be guilty of perjury. *Held*, that defendant
could not be convicted of perjury in making false answers to a question as
to the age of his intended wife on applying for a marriage license, except on
proof that he knew her age to be different from that stated by him.

2. PERJURY—ELEMENTS—"KNOWLEDGE".

"Knowledge", as used in the law of perjury, with reference to the mak-
ing of a false statement under oath with knowledge of its falsity, is an intan-
gible thing resting in the mind, the possession of which may be admitted by
the party, or be shown by proof of circumstances from which it may reason-
ably be inferred.

3. CRIMINAL LAW—GOOD CHARACTER.

Good character of accused, when proved, is to be taken in connection
with all the other evidence in the case, and given such weight under all the
circumstances as in the judgment of the jury it is entitled to receive.

4. CRIMINAL LAW—EVIDENCE—PRESUMPTIONS—INNOCENCE—BURDEN OF
PROOF.

All the presumptions of law, independent of evidence, are in favor of
innocence, every person being presumed to be innocent of crime until proven
guilty; and hence it devolves on the state to prove the prisoner's guilt beyond
a reasonable doubt.

5. CRIMINAL LAW—"REASONABLE DOUBT".

"Reasonable doubt" is not a mere possible and imaginary or speculative
doubt, but is a real and substantial doubt founded in reason, and such as
men of intelligence and discernment may entertain, and, if necessary, be
able to express or define, after a careful consideration of all the evidence in
the case.

(*September* 27, 1912.)

PENNEWILL, C. J., and CONRAD and WOOLLEY, J. J., sitting.

*Andrew C. Gray*, Attorney General, for the state.

*Wilbur L. Adams* for the defendant.

Court of General Sessions, New Castle County, September
Term, 1912.

INDICTMENT FOR PERJURY (No. 80, September Term, 1912),
alleged to have been committed by the accused in procuring a
marriage license, under *Chapter* 244, *Volume* 26, *Laws of Dela-
ware*.

The indictment charged, in substance, that the accused had made false answer to the person issuing the license as to the age of his intended wife, knowing that the answer was false when he made it.

The facts appear in the charge of the court.

WOOLLEY, J., charging the jury:

Gentlemen of the jury:—[1] Amendatory of the laws of this state relating to the subject of marriage, the General Assembly of 1911 enacted the statute under which this prisoner was indicted and under which he is now being tried. That statute (*chapter* 244, *Volume* 26, *Laws of Delaware*) among other things, provides that "no marriage shall be solemnized or contracted without the production of a license regularly issued by the clerk of the peace of one of the counties of this state, or a justice of the peace of this state, as hereinafter provided authorizing such marriage."

Again the statute says: "No marriage license shall be issued if the male be under twenty-one years of age or if the female be under eighteen years of age without the personal consent of the parent or guardian of the party under age.  *  *  *"

In order to insure the observance of this provision of the law, the statute further enacts that "Whenever application is made to any  *  *  *  justice of the peace for the issuance of a marriage license, it shall be the duty of such  *  *  *  justice of the peace to examine the applicant in person, upon oath, to ascertain the full names of the parties desiring the license, their places of residence, the names of their parents and the parents' residences, their occupation, their age, their color, whether married or single, and their relationship, if any.  *  *  *  If any person applying for license under this act shall knowingly or willfuly make false answer to any of the inquiries asked by the  *  *  *  justice of the peace, he or she shall be deemed guilty of perjury and shall upon conviction thereof be subject to the penalties for perjury (prescribed) by the laws of this state."

That constitutes the law upon which this case is submitted to you, of the facts of which you are the sole and exclusive judges.

The charge in this case, in substance, is that upon his application to the justice of the peace for a license to marry, the prisoner at the bar made false answer to the justice as to the age of Marion L. Taylor, his intended wife, and that the prisoner knew that the answer was false when he made it. The prisoner's defense, in substance, is that he did not know the age of Marion L. Taylor, except as it had been told him by her, and that he believed he answered truthfully and not falsely the questions of the justice.

The charge being perjury the issue is whether the defendant knowingly or wilfully made a false answer in a matter and in a manner that constitute a violation of the law. If the answer was in fact untrue, in the sense of being incorrect, but was made by the prisoner without knowledge of its untruth and was made by him in good faith and in the belief of its truth, he cannot be convicted of the charge in this indictment. But if you find the prisoner knew the age of Marion L. Taylor to be different from that which he stated under oath and therefore either knowingly or wilfully made false answer to the justice, he is guilty of perjury and your verdict should be guilty.

[2] Knowledge is an intangible thing resting in the mind, the possession of which may be admitted by the party or be shown by proof of facts, circumstances and surroundings from which it may reasonably and rationally be inferred. It therefore devolves upon you to determine as the issue in this case, from the facts as you have heard them, first, whether the prisoner did make the false answer to the justice; or, second, whether he made it wilfully or with knowledge of its falsity.

[3] The good character of an accused person, when proved, is to be taken in connection with all the other evidence in the case and is to be given just such weight under all the facts and circumstances of the case as in the judgment of the jury it is entitled to receive.

[4] All of the presumptions of law, independent of evidence, are in favor of innocence, and every person is presumed to be innocent of crime until proven guilty. It therefore devolves upon the state to maintain its issue and prove the guilt of the prisoner,

not by the preponderance of evidence, as in civil cases, but beyond a reasonable doubt.

[5] Reasonable doubt is an expression rather well understood, but not easily defined. It is not a mere possible doubt, because everything relating to human affairs is open to some possible, imaginary or speculative doubt. It is a real and substantial doubt, founded in reason and such as men of intelligence and discernment may entertain, and, if necessary, be able to express or define, after a careful consideration of all the evidence in the case.

If, after considering all of the evidence in the case, and reconciling it where it is conflicting, by giving credit to that which is most worthy of credit and rejecting that which is least worthy of credit, having regard to the intelligence, fairness, interest and bias of the witnesses, you entertain a reasonable doubt of the guilt of the prisoner, that doubt should be resolved in his favor and your verdict should be not guilty.

Verdict, not guilty.